Kevin S. Wiley, Sr.
State Bar No. 21470700
**The Wiley Law Group, PLLC**
325 N. St. Paul Street, Suite 2250
Dallas, Texas 75201
T: (214) 537-9572
F: (972) 498-1117
kwiley@wileylawgroup.com
**PROPOSED COUNSEL FOR DEBTOR,**
**MURPHY GLOBAL LOGISTICS**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MURPHY SHIPPING & COMMERICAL** | § | CASE NO. 20-34049 |
| SERVICES, INC., DBA | § | CHAPTER 11 |
| MURHY GLOBAL LOGISITICS | § | |
| | § | JUDGE EDUARDO V. RODRIGUEZ |
| Debtor. | § | |

**APPLICATION PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2014(a) FOR ORDER UNDER 11
U.S.C. § 327(a) AUTHORIZING THE EMPLOYMENT AND
RETENTION OF KEVIN S. WILEY, SR. OF THE WILEY LAW
<u>GROUP, PLLC AS COUNSEL FOR THE DEBTOR</u>**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH REQUESTS FOR HEARING. THE COURT WILL THEREAFTER SET A HEARING. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**Murphy Shipping & Commercial Services, Inc., d/b/a Murphy Global Logistics,**

a debtor in the above referenced bankruptcy case (the "Debtor" or "Murphy") files this

Application for Authority to Retain Kevin S. Wiley, Sr. of the Wiley Law Group, PLLC, as Counsel for the Debtor (the "Application"), and would respectfully show the Court as follows. On August 12, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subdivision V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are 11 U.S.C. §§ 327(a), 328, 330, and 331 and Federal Rules of Bankruptcy Procedure 2002, 2014, and 6004. Venue is proper with the Bankruptcy Court pursuant to 28 U.S.C. Section 1408.

## II. FACTUAL BACKGROUND

2. The affiliate to the Debtor, Murphy Shipping & Commercial Services (Nigeria) ("Murphy Nigeria") was formed in Lagos in 1975. Further offices opened in Port Harcourt (1977) and Warri (1978). Murphy Nigeria began life as a specialist Customs' Broker, but, because of the demands of Nigeria's oil & gas sector, soon expanded by adding many other services to its repertoire.

3. Murphy Shipping & Commercial Services, Inc., DBA Murphy Global Logistics, a Texas corporation, the Debtor affiliate of Murphy Nigeria, ("Murphy") was founded by Mr. Roger R. Johns, Sr., deceased, ("Mr. Johns") and five investors in 1996 to partner with Murphy Nigeria to act as Murphy Nigeria's U.S. shipping arm. The owners/founders consisted of Mr. Johns as an owner of Murphy Nigeria, and four of Murphy Nigeria's

employees.

4. Mr. Johns, and wife, Luanne Elizabeth Johns, jointly owned 60% of the Company's shares as community Property. Under the terms of Mr. John's will, ½ of this interest was conveyed to the Luanne Elizabeth Johns Trust ("Trust") with the sole beneficiary being wife, Luanne Elizabeth Johns. ("Luanne"). The other ½ was left as the community interest of Luanne . After issuance of letters testamentary, under Texas Estates Code §453.009, Mr. David R. Johns, ("DJ") as Executor, has exercised the voting rights of the entire 60% under applicable Texas probate law to administer the Estate under the terms of the will of Mr. Johns.

5. Per Article VII of the Articles of Incorporation, each shareholder is also a member of the Board of Directors. However, under the terms of a special shareholder meeting, dated November 29, 2018, the sole directors of the Company are DJ, Linda Wilkinson, and Jerald Harris. DJ was also initially elected by these directors as CEO and President. Subsequent to this meeting, on December 14, 2018, these directors voted that DJ had the ability to change and remove directors without further board consent. Pursuant to this authority, the current directors on the petition date are thus DJ, Jerry Rowell, and Jeff Novak. This Board has also, in turn, delegated the real powers of CEO/President to Mr. Jerry Rowell.

**Services.**

6. Murphy offers comprehensive cargo shipping and freight forwarding services using all modes of transportation. Murphy provides complete logistical support through each phase of the export process, from receiving the material to delivery of the goods to its final destination. Murphy offers door-to-door service from the premises of the shipper to

the premises of the consignee, even in some of the most difficult areas of the world where petroleum companies operate.

7. Murphy operates under various Agency Agreements for services hired from abroad. All agents are held to contract under strict FCPA compliance agreements and auditing. All third- party service providers are vetted per their quality of service, reliability, available lanes, service history, and by costs. Only third -party providers that have high marks passing Murphy's service and reliability requirements are hired.

**Events Leading to the Chapter 11 Filing**

**The decline in oil prices.**

8. The decline in oil prices from over $100 per barrel in mid-2014 and down to mid-$30 per barrel in 2020 and remaining well below mid-$30 per barrel to below cost of production up until the Petition Date significantly affected the demand for Debtor's export/import services, thereby lowering revenue and causing financial strain. With drop in revenue, the Debtor took all feasible steps to substantially reduce the monthly cash losses. The cost reduction activities included reducing employees, relocating to a smaller and cheaper facility, and increased gross margins by decreasing direct cost.

9. After the death of the founder, Mr. Johns,  on February 17, 2018, the major creditors of the Debtor are insiders that hold contingent, disputed, and unliquidated potential derivative claims against the Debtor with respect to transfers made by the said Mr. Johns that were arguably and potentially personal and thus arguably not for the sole benefit of the Debtor. The only other debt owed by the Debtor includes professional claims for attorneys, CPA's, consultants, and other professionals that have been employed by the Debtor prior to the filing of the petition, and some marginal trade creditors. The Debtor filed this relief

under Subdivision V of Chapter 11 of title 11 case with the primary goal of restructuring the outstanding debt represented by the potential derivative claims and professional claims and continuing forward as an ongoing concern. A secondary goal is to enjoin interference with the orderly liquidation of the estate by harassing lawsuits filed by certain beneficiaries of the estate that challenge David R. Johns authority to act as executor of the estate, and necessarily with that office control the Debtor. A third goal is to cancel debt deemed uncollectable against the estate without creation of ordinary income for the estate.

### III. RELIEF REQUESTED

10. The Debtor seeks to retain and employ Kevin S. Wiley, Sr. of the Wiley Law Group, PLLC (the "Proposed Counsel") effective as of petition date at the expense of the estate pursuant to Section 327(a) of the Bankruptcy Code on an hourly fee basis to perform the legal services that will be necessary to represent the interests of the Debtor as a debtor-in-possession in this case. Accordingly, the Debtor respectfully requests the entry of an order pursuant to 11 U.S.C. § 327(a) authorizing it to employ and retain the Wiley Law Group, PLLC to perform the legal services that will be necessary during this Bankruptcy Case.

11. The Debtor has selected the Proposed Counsel because of their familiarity with the Debtor. In addition, the Proposed Counsel have substantial experience and expertise in the areas of corporate reorganizations, debtors' and creditors' rights, commercial litigation, and other relevant areas of law.

12. The professional services the Proposed Counsel will render include, but may not be limited to, the following:

   (a).     Counseling and preparation with Debtor of negotiations for final

resolution the disputed derivative claims;

(b). Advising Debtor with respect to the Debtor's powers and duties in the Subchapter V of Chapter 11 case regarding strategy for exit from bankruptcy, disclosure statements and plans, and other issues that typically arise or may arise in relief under Subdivision V of Chapter 11 of title 11 cases;

(c). Appearing in this Court to protect the interests of the Debtor; (d). Attending meetings as requested by the Debtor;

(e). Performing all other legal services for the Debtor that may be necessary and proper in this case, including, but not limited to, provision of advice in areas such as corporate, bankruptcy, tort, employment, governmental, intellectual property and secured transactions; and

(f). Performing such other functions as requested by the Debtor or the Court consistent with professional standards.

13. The Proposed Counsel has received pre-petition compensation from the Debtor in the amount of $20,000.00 for services rendered prior to the filing, including preparation of petitions, schedules, statement of affairs, plan of reorganization, disclosure statement, stock purchase agreements, release agreements, and voting trust for future control of the Debtor, and $1,717.00 as reimbursement of the filing fee for the Subchapter V of Chapter 11.. The Debtor agreed to a flat fee $40,000.00 for total fee compensation, with the other $20,000 subject to application and approval by this Court. This flat fee is subject to adjustment for actual billings required.

14. Proposed Counsel has advised the Debtor that they propose to charge fees

based upon the same prevailing hourly rates charged to its regular clients for similar services and intends to apply to the Court for allowance of fees and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, as well as the local rules and any relevant orders of this Court. The Proposed Counsel has also informed the Debtor that their prevailing rates may change from time to time consistent with normal business practices and that any such changes will be reflected in the first fee application following the change. No compensation will be paid by the Debtor to the Proposed Counsel in connection with the relief under Subdivision V of Chapter 11 of title 11 case except upon application to and approval of this Court.

15. The Debtor and Proposed Counsel understand and agree that the proposed compensation arrangement shall be subject to Section 328 of the Bankruptcy Code which authorizes this Court to allow compensation different from that which is provided herein if the fee arrangement, in retrospect, proves to be improvident in light of developments unanticipated at the outset of the case. The Proposed Counsel understand and agree that if aggregate interim payments exceed the amount that is ultimately allowed, they will be required to repay the difference to the estate.

16. To the best of the Debtor's knowledge, Kevin S. Wiley, Sr. is a disinterested person as defined in Section 101 of the Bankruptcy Code who do not hold or represent an interest adverse to the Debtor or to the estate.

17. Attached hereto as <u>Exhibit A</u> is a Disclosure Statement and Report of Kevin S. Wiley, Sr. pursuant to Sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b) (the "Wiley, Sr. Affidavit").

18. To the best of the Debtor's knowledge and pursuant to the Affidavit, Kevin S. Wiley, Sr. does not possess any connection with the Debtor, his creditors, equity security holders, the United States Trustee, or any other party-in-interest, except as disclosed in the respective Affidavits.

19. The employment of the Proposed Counsel is in the best interest of the Debtor's estate.

20. The Wiley Law Group, PLLC's routine policy with respect to expenses is to charge its clients in all areas of practice for expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, regular and express mail charges, special or hand-delivery charges, photocopying charges, travel expenses, computerized research charges and transportation costs.

### IV. NOTICE

21. As no examiner, or official committee has been appointed in this case, notice of this motion has been given to the Chapter V Trustee, Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, and the Internal Revenue Service. Accordingly, the Debtor requests that the Court enter an order subject to a 14-day period within which parties may object.

WHEREFORE, the Debtor respectfully requests entry of an order allowing the Debtor to retain Kevin S. Wiley, Sr. of the Wiley Law Group, PLLC as his counsel and for such further relief as is just and proper.

Respectfully submitted,

THE WILEY LAW GROUP, PLLC

By: /s/ Kevin S. Wiley, Sr. Kevin S. Wiley, Sr.
Texas State Bar No. 21470700
325 N. St. Paul Street, Suite 2250
Dallas, TX 75201
Tel. (214) 537-9572
Fax (972) 449-5717
Email: kwiley@wileylawgroup.com
PROPOSED COUNSEL FOR DEBTOR,
MURPHY GLOBAL LOGISTICS

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of this Motion were forwarded to the Chapter V Trustee, the U.S. Trustee, and the Creditors on the attached mailing list via electronic this 14th day of August 2020.

/s/ Kevin S. Wiley, Sr.
Kevin S. Wiley, Sr.