## SETTLEMENT AND COMPROMISE AGREEMENT

This Settlement and Compromise Agreement (the "Agreement") is made and entered into this 14th day of December 2020 by and between Murphy Shipping & Commercial Services, Inc. d/b/a Murphy Global Logistics ("Debtor") and Claimant as defined herein.

## DEFINITIONS

**"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the Southern District of Texas, Houston Division;

**"Bankruptcy Case"** shall mean that certain Chapter 11 case styled In re Murphy Shipping & Commercial Services, Inc., d/b/a Murphy Global Logistics under case no. 20-34049-EVR-11.

**"Claimant"** shall mean GLO CPA'S, LLP

**"Parties"** shall mean the Debtor, Debtor and Defendants.

## RECITALS

**WHEREAS** Debtor initiated the Bankruptcy Case on August 14, 2020, by the filing of a voluntary petition for relief under Subchapter V of Chapter I 1 of the United States Bankruptcy Code.

**WHEREAS** Debtor confirmed its Chapter 11 Plan of Reorganization (the "Plan") by order entered in the Bankruptcy Case on October 30, 2020, and therein all objections to allowance of claims were required to be filed within sixty (60) days of the confirmation date.

**WHEREAS** the Debtor filed his objection to the proof of claim filed by Claimant, disputing charges that are the basis of the claim as excessive, and alternatively, that the charges were beyond the scope of the engagement.

**WHEREAS** Claimant has at all times denied, and continue to deny, all allegations and claims made by the Debtor, including that they were in any way involved in any exorbitant and excessive charges or charges beyond the scope of engagement; and nothing herein shall be construed or deemed to be evidence or an admission or concession of any fault, liability, fact or amount of damages, or any other matter whatsoever on the part of Claimant.

**WHEREAS** the Parties consider it desirable and in their best interest to avoid the uncertainty and expense of continuing to prosecute and defend claims in the contested proceeding, and so have reached this Agreement in order to compromise and settle their differences.

[ **NOW THEREFORE, FOR AND IN CONSIDERATION OF THE MUTUAL COVENANTS, AGREEMENTS AND RELEASES CONTAINED HEREIN, THE PARTIES AGREE TO SETTLE ALL EXISTING AND POTENTIAL CLAIMS BETWEEN THEM ON THE FOLLOWING TERMS, SUBJECT TO APPROVAL BY THE BANKRUPTCY COURT:**

SECTION 1. **Dates.** The date upon which the Bankruptcy Court signs the order approving this Agreement (the **"Order"**) shall be the **"Order Date."** The **"Final Order Date"** shall be the later of the following: (i) the expiration of the deadline for filing an appeal **("Appellate Pleading"),** or (ii) in the event any Appellate Pleading is filed, the date on which all proceedings resulting from any Appellate Pleading(s) become final.

SECTION 2. **Bankruptcy Court Approval.** No later than seven (7) days after the execution of this Agreement by all Parties, the Debtor will file with the Bankruptcy Court and serve a motion to approve this Agreement under FED. R. BAN.KR. P. 9019 (the **"9019 Motion").** The Parties agree to execute all documents reasonably required, and to file and serve all motions or pleadings reasonably necessary, to obtain all required approvals from the Bankruptcy Court of this Settlement Agreement and to otherwise carry out the terms and provisions of this Agreement. The Parties and/or their counsel additionally agree to provide reasonable cooperation and assistance, if necessary, at any hearing seeking Bankruptcy Court approval of this Agreement.

In the event the Bankruptcy Court fails to approve the 9019 Motion, this Agreement will be null and void and of no further force or effect whatsoever. In such circumstances, neither the fact of the Parties' negotiation of, nor their entry into this Agreement, nor any of the Parties' statements made in connection therewith, may be utilized by any Party in any subsequent litigation or contested matter, offered, or admitted into evidence at any trial or hearing, disclosed to persons other than the Parties, or used in any fashion except as may be required by applicable law or permitted by court order, or as otherwise provided in this Agreement.

SECTION 3. **Payment to Debtor.** In consideration of the mutual promises contained herein, the Debtor shall allow the claim of Claimant in the amount of $24,215.63 and shall pay $24,215.63 to the Claimant (the **"Settlement Payment").** The timing of the Settlement Payment shall be structured as follows: all on or before seven (7) days following the Final Order Date. Debtor, acting thru the disbursement agent Subchapter V Trustee under the Plan, may pay by check, wire, or other fund transfer method mutually agreeable to the Debtor and Claimant. The Claimant shall provide the Debtor with the necessary account information for payment, which shall be kept confidential. Debtor will provide that account information to the disbursement agent.

SECTION 4. **Reserved**

SECTION 5. **Dismissal of Objection.** Within seven (7) days of the Settlement Payment in full, the Debtor shall also cause the objection to be dismissed with prejudice.

SECTION 6.    **Releases.** Except for the obligations expressly provided for in this Agreement:

A. The Claimant, on behalf of itself, its partners, employees, officers, principals, members, owners, affiliates, together with their heirs, successors and assigns (collectively, the **"Releasing Parties"**) do hereby irrevocably and unconditionally release and discharge the Debtor Releasing Parties (defined below) from any and all claims, demands, debts, liens, causes of action, obligations, promises, agreements, damages, costs, losses, expenses of any nature or liabilities, at law or in equity, in contract or in tort, by statute or at common law, which they may now have or may hereafter claim to hold or possess, whether known or unknown, foreseeable, or unforeseeable, asserted or unasserted, or liquidated or unliquidated, arising out of or related to Debtor, the Bankruptcy Case, or the Adversary Case.

B. The Debtor, on behalf of itself and Debtor's bankruptcy estate, (collectively, the **"Debtor Releasing Parties"**) do hereby irrevocably and unconditionally release and discharge the Claimant Releasing Parties from any and all claims, demands, debts, liens, causes of action, obligations, promises, agreements, damages, costs, losses, expenses of any nature or liabilities, at law or in equity, in contract or in tort, by statute or at common law, which they may now have or may hereafter claim to hold or possess, whether known or unknown, foreseeable or unforeseeable, asserted or unasserted, or liquidated or unliquidated, including, without limitation, any and all claims that were asserted or could have been asserted in the Bankruptcy Case, the contested proceeding, or any other forum by the Debtor, Debtor's bankruptcy estate, or anyone claiming, by, through or on behalf of the Debtor, or Debtor's bankruptcy estate, or anyone independently attempting to assert claims of the Debtor, or Debtor's bankruptcy estate (the **"Debtor Released Claims"**).

C. It is understood and agreed that these are full and complete releases, and include all sums of any kind or character, including compensatory and non-compensatory damages. It is further understood and agreed that the releases in favor of the Claimant Releasing Parties are intended, without warranty, to discharge them from all liability for the Debtor Released Claims, and all others shall be forever barred and enjoined from asserting the Debtor Released Claims against the Claimant Releasing Parties.

D. Nothing in this Agreement is intended to release any of the Parties from any rights, obligations, duties, or debts that are set forth in this Agreement, including any claims arising from a breach of this Agreement.

SECTION 7.    **Each Party to Bear its Own Costs.** Except as expressly provided for herein in the event of breach, each Party shall bear its own costs, including lawyer fees, whether such costs were incurred before or after the date of this Agreement.

SECTION 8.    **Breach of Agreement and Specific Performance.** In the

event any Party fails to perform their obligations under this Agreement, the Party affected by such failure shall have the right, **in** addition to any other relief available under applicable law, to seek specific performance of any of those obligations. The Parties further acknowledge and agree that, should any Party be required by any breach of this Agreement by any other Party to institute legal proceedings to enforce or interpret any of the provisions of this Agreement, the prevailing Party in such litigation shall be entitled to recover its reasonable attorneys' fees and expenses, including fees on appeal, as well as court costs.

**SECTION 9.** **No Admission of Liability.** The Agreement is not to be construed as an admission of liability on the part of any Party beyond the obligations contained herein-all such liability being expressly denied. The Parties understand and agree that no Party may use this Agreement, the fact of the Parties' settlement negotiations, their reaching a settlement, or the payment of any amounts pursuant to this Agreement as an admission by any Party as to either the legitimacy or value of any claim or defense beyond those contemplated to be settled herein.

**SECTION 10.** **Entire Agreement.** This is the entire agreement between and among the Parties concerning the subject matters hereof and supersedes and prevails over all prior and/or contemporaneous agreements, understandings, correspondence, or representations between and among the parties, whether oral or written. This Agreement may not be modified or amended, and there shall be no waiver of its provisions, except by a written instrument executed by the Parties. The Parties expressly waive any right to assert, after the execution of this Agreement, that any undertaking or obligation has, through ignorance, oversight, or for any other reason been omitted from the scope of this Agreement.

**SECTION 11.** **No Reliance on Other Parties and Informed Agreement.** Each Party hereby expressly warrants and represents that: (i) they are not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Agreement; (ii) they make this Agreement voluntarily and of their own choice and not under coercion or duress; (iii) they have made their own investigation of the facts and are relying solely upon their own information and knowledge and advice of their counsel; (iv) they have no expectation that any other Party will disclose to them facts material to this Agreement; and (v) they knowingly waive any claim to rescind or avoid this Agreement based upon undisclosed facts, known or unknown. No Party has made any representation to or covenant with any other Party about the legal, tax or other consequences of this Agreement. Each Party has had access to the legal, tax and other advisors of that Party's own choosing, and has freely and fully reviewed and negotiated the terms of this Settlement Agreement.

**SECTION 12.** **Saving Provision.** If any one or more of the covenants or agreements of this Agreement should be determined by a court of competent jurisdiction to be contrary to law, and such covenant or agreement is not a material part or term in this Agreement, then such covenant or agreement shall be deemed and construed to be severable from the remaining covenants and agreements herein contained and in no way affect the validity of the remaining provisions of this Agreement.

**SECTION 13.** **No Assignment**. No Party may assign or delegate any rights or obligations herein.

**SECTION 14.** **Jointly Drafted.** This Agreement, and all provisions of this Agreement, shall be deemed drafted by all of the Parties, and shall not be construed against any Party on the basis of that Party's role in drafting this Agreement.

**SECTION 15.** **Governing Law and Consent to Jurisdiction.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to choose of law provisions. The Parties consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of Texas, Houston Division for the interpretation and enforcement of this Agreement.

**SECTION 16.** **Notices.** All notices required to be given to the Parties hereto shall be sent to the following addresses (unless notified in writing to send to another address):

    i.    Notices to Debtor:

    Kevin S. Wiley, Sr.
    The Wiley Law Group, PLLC
    325 N. St. Paul, Ste. 2250
    Dallas, Texas 75201
    (214) 537-9572
    (972) 449-5717
    kwiley@wileylawgroup.com

    ii.    Notices to Defendants:

    GLO CPA'S LLLP
    15518 Walkwood Dr.
    Houston, Texas 77079

    With copy to Attorney:

    **Kevin Pennell**
    **Pennell Law Firm PLLC**
    19 Briar Hollow Lane, Suite 110
    Houston, TX 77027
    713-965-7568
    kevin@pennellfirm.com

**SECTION 17.** **Authority of Signatories.** Each Party hereby warrants and represents that the person signing this Agreement is expressly authorized and empowered by the Pany on whose behalf the person's signature appears to bind that Patty to each of the obligations set forth herein. The Parties agree that facsimile and/or PDF signature shall be deemed to be originals. This
Agreement shall be deemed made and entered into when each of the Parties for whose signature it is prepared and has executed a copy hereof. There shall be no necessity that the Parties execute a single principle original or a single copy hereof. Each copy bearing the original signature of a Party shall be deemed a counterpart. All the counterparts together shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the Parties hereto have each caused this Agreement to be executed and attested as of the first date written above.

MURPHY SHIPPNG & COMMERCIAL
SERVICES, INC. D/B/A MURPHY
GLOBAL LOGISTICS

BY: ITS AUTHORIZED OFFICER

**GLO CPA'S, LLP**

<u>BY: ITS AUTHORIZED OFFICER</u>

8

SECTION 17.     **Authority of Signatories.** Each Party hereby warrants and represents that the person signing this Agreement is expressly authorized and empowered by the Pany on whose behalf the person's signature appears to bind that Patty to each of the obligations set forth herein. The Parties agree that facsimile and/or PDF signature shall be deemed to be originals. This

Agreement shall be deemed made and entered into when each of the Parties for whose signature it is prepared and has executed a copy hereof. There shall be no necessity that the Parties execute a single principle original or a single copy hereof. Each copy bearing the original signature of a Party shall be deemed a counterpart. All the counterparts together shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the Parties hereto have each caused this Agreement to be executed and attested as of the first date written above.

MURPHY SHIPPNG & COMMERCIAL SERVICES, INC. D/B/A MURPHY GLOBAL LOGISTICS

_____
BY: ITS AUTHORIZED OFFICER

GLO CPA'S, LLP

*[signature: W. Carl Glaw]*
BY: ITS AUTHORIZED OFFICER